UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **NKEMJIKA BONLIONEL IKE** | **CIVIL ACTION NO. 2:11-cv-2011** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **J.P. YOUNG, ET AL** | **MAGISTRATE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff Nkemjika Bonlionel Ike on November 8, 2011. Plaintiff is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). At the time of filing, he was detained at the Federal Detention Center, Oakdale (FCIO), Louisiana, and he complains about events that occurred at FCIO. Plaintiff has subsequently been transferred to the Escambia County Jail, Pensacola, Florida. He names the following FCIO officers/employees as defendants herein: FCIO Officers/Employees J P Young, Marla Boyle, Kim Ask-Carlson, Mark Guittierrez, Yolanda Sweet, K. Byrd, R. Childress, T. Odom, T. Whelch, and Mr. Strother.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It is assumed that all of the defendants are agents or employees of the federal government.

## STATEMENT OF THE CASE

Plaintiff alleges that from July 25, 2011, through November 3, 2011, his legal mail was opened, read, and destroyed outside of his presence. He states that on September 23, 2011, he informed defendant Ask-Carlson about the legal mail tampering. Plaintiff alleges that Ask-Carlson threatened to put him in the Special Housing Unit (SHU) if he reported the mail tampering and the threat. Doc. 1, p. 4. Plaintiff states that he was placed in the SHU after he inquired about who was opening his mail in his absence to officer Lejeune and defendant Sweet *Id.* He further states that he notified defendant Young about the illegal mail tampering on November 3, 2011, but to no avail. *Id.*.

As relief for the above, plaintiff seeks (1) an injunction prohibiting FCIO officers from tampering with legal mail and "prohibiting defendants from obtaining information needed to proceed in this civil action;" (2) an order for the release of his confiscated mail and allowing him to update his claims; (3) class action designation for this matter; and, (4) $100,000,000.00 in compensatory damages. Doc. 1, pgs. 4 & 5.

## LAW AND ANALYSIS

1. *Initial Review*

As plaintiff is an immigration detainee and not a "prisoner," he is not subject to the filing fee provisions of the Prisoner Litigation and Reform Act (PLRA). See 28 U.S.C. § 1915(a)(2) and (b); *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000). This case is nevertheless subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Compare *Politis v. Dyer*, 126

Fed. Appx. 648, 649, (5th Cir.2005)(unpublished); *Kunda v. Gould*, 2006 WL 1506706 (U.S.D.C.– N.D.Tex. May 31, 2006).

Thus when a complaint in a civil action filed *in forma pauperis* seeks redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to dismiss the case if it determines at any time that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See,* 28 U.S.C.A. § 1915(e)(2)(B) (which provides, "... the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious ... fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from suit.").

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citation omitted). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d 1022, 1025 (5th Cir.1998)(failure to state a claim). However, civil rights plaintiffs must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

The court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim

for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed.

### 2. *Interference with Mail*

Plaintiff makes conclusory allegations that he has been subjected to interference with his mail (legal and otherwise). Interference with a prisoner's legal mail by a prison official may violate the prisoner's right of access to the courts as found in the Due Process Clause, and/or the prisoner's First Amendment right to free speech, that is, freedom from unjustified governmental interference with communication. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993). Inmates have a First Amendment right both to send and receive mail (*Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. See *Brewer*, at 822 (finding "[a] prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

Plaintiff's complaint, even when liberally construed, fails to allege a claim under either constitutional provision. It is well settled that a prisoner does not have a constitutional claim if his incoming legal mail is opened and inspected outside of his presence, even if the inspection is in violation of prison regulations. See *Brewer*, at 825 (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonable related to legitimate penological interests). Plaintiff does not allege that he was prejudiced in any way in a legal proceeding because of interference with his mail. See *Lewis v.*

*Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (stating that an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct).  For these reasons,

### 3. *Injunctive Relief*

As previously stated, plaintiff has been transferred from FCIO.  Therefore, his requests for injunctive relief are moot.

The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot.  *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to FCIO would make his claims capable of repetition yet evading review.  *See, Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).  Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCIO.  *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).  At its most lenient, the standard is not mathematically precise and requires that plaintiff show a "reasonable likelihood" of repetition.  *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard.  Simply put, plaintiff has been released from the custody of FCIO and his requests for injunctive relief are moot.  *See*, *Herman v. Holiday*, 238 F.3d 660 (5th

Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991); *See also, Edwards v Johnson,* 209 F.3d 772, 776 (5th Cir.2000)(an alien detainee's claims for injunctive relief intended to correct policies and practices at particular detention center were rendered moot when he was transferred out of that center.).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE